**M & G FEED COMPANY, Inc., et al.,**
**Appellants,**

v.

**Edna WINDHAM et al., Appellees.**

No. 4070.

Court of Civil Appeals of Texas.

Eastland.

June 24, 1966.

Rehearing Denied July 29, 1966.

Bean, Manning & Coley (Frank M. Bean), Derral K. Sperry, Houston, for appellant.

Vern J. Thrower and Sherwood Gaines, Houston, for appellee.

WALTER, Justice.

Mrs. Edna Windham, a widow, individually and as next friend for her minor daughter, Brenda, filed suit against M & G Feed Company and Frank C. Grunewald for the wrongful death of her husband and father of the minor. She alleged that on June 3, 1964, Prentice A. Windham was traveling horseback in an easterly direction upon the esplanade bordering the north side of the eastbound service road in the vicinity of 2300 North Loop in Houston; that Frank C. Grunewald, who was working for M & G Feed Company, was driving a truck in the same direction; that Grunewald negligently operated the truck in such a manner that the truck was run "against and into the horse on which the said Prentice A. Windham was riding thereby causing him to become disengaged from his saddle and thrown under the vehicle and greatly injured. That as a result of said injuries, Prentice A. Windham died on the 3rd day of June, 1964." The plaintiffs pleaded res ipsa loquitur and, in the alternative, specific acts of negligence. They pleaded that the defendants failed to comply with Article 801(I) of the Texas Penal Code. They also pleaded that the defendants were negligent:

"(1) In failing to keep a proper lookout.

(2) In failing to apply the brakes of said vehicle in time to have avoided the accident.

(3) In failing to give any warning of Defendant's approach.

(4) In failing to use the caution that an ordinary and prudent person would have used when passing a horse back rider.

(5) That Defendant observed the peril to which his moving truck exposed the horse back rider, yet failed to take any action to prevent his vehicle or a part thereof from violently striking the horse back rider or his horse or both.

(6) That Defendant was negligent in accelerating to a speed that was unreasonable under the circumstances then and there existing.

(7) That Defendant was negligent in failing to change to a different lane of traffic away from the esplanade."

The defendants filed pleas of privilege to be sued in Colorado County, Texas. In a non-jury trial the court overruled the pleas of privilege. The defendants have appealed. They contend that the court erred in overruling their pleas because there is no evidence and insufficient evidence of negligence, scope of employment and proximate cause.

The parties stipulated for the purpose of the hearing on the pleas of privilege the following facts:

"1. Plaintiffs are beneficiaries of the deceased, Prentice A. Windham, and by reason of his death on June 3, 1964, made the basis of this law suit that plaintiffs Edna Windham and Brenda Windham have suffered damages.

2. It is further agreed and stipulated by attorney for plaintiffs and defendants that at the time and date made the basis of this law suit that Frank Grunewald was acting in the course and scope of his employment for M & G Feed Company, Inc."

Frank C. Grunewald testified substantially as follows: On June 3, 1964, I was working for M & G Feed Company driving a truck and was involved in an accident in the city limits of Houston on the North Loop. Allen Schoeneberg was riding with me. When I arrived at T. C. Jester Boulevard, I stopped for a red light. I then proceeded on and when I arrived at the bridge, I noticed a horse "coming from my left going right—to my right and when I got to the intersection this man was riding—this horse—he pulled back off the street where he was riding I don't know what they call it in between the escalator—he pulled off and around the light pole and I continued on and at that time it seemed the man had control of his horse and when I got up to the man I looked out my side window and I noticed the horse became upset and he was having trouble with her and at that time I looked and saw the man under my wheels." At that time I was going between twenty-five and thirty miles per hour.

Lloyd Garring, a Houston policeman, investigated the accident and testified substantially as follows: I talked to Mr. Grunewald at the scene of the accident and he told me "that the horse was on the pavement portion of T. C. Jester that was closed to traffic—at that time when he first saw the rider and the horse—then he saw him on the grass portion just next to the intersection—". I have seen the horse that was ridden by Mr. Windham since the accident and the horse showed no signs of injury. The truck showed no signs of striking either the horse or the rider, but "we found damage on the saddle that I believe came from the trailer".

Earl Schoeneberg testified substantially as follows: I am thirteen years of age. I was a passenger in the truck driven by Mr. Grunewald at the time of the accident. We were traveling northeast as we approached the intersection of T. C. Jester on the North Loop. We were right even with the horse when he started acting up. I saw the horse acting up through the windshield.

We are compelled to hold that the appellees failed to discharge their burden of establishing by a preponderance of the evidence that appellants were guilty of any act or omission of negligence which was a proximate cause of the fatal accident.

The judgment is reversed and the cause of action is ordered transferred to Colorado County.

## ON MOTION FOR REHEARING

We have again considered the record and considered only the evidence most favorable to the appellees. We conclude that there is no evidence that appellants were guilty of any act or omission of negligence which was a proximate cause of the fatal accident.

The motion for rehearing is overruled.